U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAY 14 2008

LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------

MITCHELL SULLIVAN,

          Petitioner,

vs.                                     9:07-CV-0499
                                        (DNH)(GHL)
H. GRAHAM, Superintendent,

          Respondent.

--------------------------------

APPEARANCES:                            OF COUNSEL:

MITCHELL SULLIVAN
Petitioner, *pro se*

HON. ANDREW M. CUOMO                    FREDERICK H. WEN, ESQ.
Attorney General of the                 Assistant Attorney General
  State of New York
Attorney for Respondent
120 Broadway
New York, NY 10271

HON. DAVID N. HURD
United States District Judge

### DECISION and ORDER

Petitioner Mitchell Sullivan commenced this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 in May, 2007. Dkt. No. 1. By his amended petition, petitioner sought relief from the November 2006 determination of the Time Allowance Committee at Auburn Correctional Facility which denied petitioner one year of good time credit. Dkt. No. 7.[1] A response to the amended petition was filed on January 18, 2008. Dkt. No. 18.

---

[1] Petitioner filed a § 2254 petition in the Southern District of New York challenging the underlying conviction and sentence. <u>Sullivan v. State of New York</u>, No. 07-CV-07177 (SHS)(FM) (S.D.N.Y. 2007).

On January 29, 2008, petitioner filed a traverse. Dkt. No. 20. In addition to restating his claims in support of the amended petition, petitioner advised of his new address upon release. Id. at 3.

By letter dated February 5, 2008, respondent's counsel advised the Court that petitioner had been released from prison. Dkt. No. 21.[2] Counsel urged the Court to dismiss the amended petition as moot "because the relief petitioner is seeking, restoration of one year of his good-time credits, is no longer available due to his release." Id. at 1. While recognizing that release from prison does not moot a challenge to a judgment of conviction given the adverse collateral legal consequences thereof, respondent argues that unless petitioner can demonstrate ongoing concrete injury caused by the loss of good time credits, dismissal of the amended petition as moot is warranted. Dkt. No. 21 at 1-2 (citing cases). As counsel properly notes, collateral consequences sufficient to satisfy the "case or controversy" requirement of Article III, Section 2, of the Constitution are not presumed where the petition challenges only the loss of good time credits. See, e.g., Butti v. Fischer, 385 F.Supp.2d 183, 185 (W.D.N.Y. 2005). Rather, petitioner must demonstrate a concrete injury in fact.

More than ninety days have passed since respondent requested that this habeas corpus proceeding be dismissed as moot. Petitioner has not submitted papers in

---

[2] The Department of Correctional Services ("DOCS") Inmate Information webpage (http://nysdocslookup.docs.state.ny.us) lists February 3, 2008, as petitioner's maximum expiration date. Although petitioner's address was not promptly updated on the docket, respondent's February 5, 2008 letter was served on petitioner at his new address. Dkt. No. 21 at 2.

opposition to the requested dismissal, nor has he requested additional time in which to do so.

Upon review of the entire file in this matter, including the amended petition and respondent's request for dismissal, it is determined that petitioner's challenge to the loss of good-time credits is moot.

THEREFORE, it is

ORDERED, that

1. The amended petition is DENIED and DISMISSED as moot; and

2. The Clerk is directed to serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

United States District Judge

Dated: May 12, 2008
Utica, New York.